UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LATRICIA HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-2040 (ABJ) |
| | ) | |
| JOSEPH I. SUSSMAN, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's Motion for Entry of Default Judgment [ECF No. 7] and Defendant's Motion to Set Aside the Entry of Default and Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, Failure to Properly Serve Defendant[], & for Lack of Personal Jurisdiction and Motion for Sanctions and Attorneys Fees [ECF No. 9]. For the reasons discussed below, the Court will dismiss this action.

I. BACKGROUND

Piecing together the few factual allegations set forth in the complaint along with the exhibits attached thereto, this action arises from efforts by Joseph I. Sussman, P.C. ("the defendant") to collect a debt owed by the plaintiff to its client, Northern Leasing Systems, Inc. ("NLS"), for the rental of equipment for processing non-cash payments at the plaintiff's business, Capitol Hill Beauty LLC. *See* Compl. ¶ 11; *see generally id.*, Ex. 1 (Letter from

1

plaintiff to Joseph I. Sussman, P.C. dated March 19, 2012) & Ex. 3 (Non Cancelable Equipment Finance Lease Agreement dated October 14, 2010) at 1; Mem. of P. & A. in Supp. of Def.'s Mot. to Set Aside the Entry of Default ("Def.'s Mem."), Ex. 1 (Decl. of Joseph Sussman ("Sussman Decl.")) ¶ 11.  The defendant is a New York law firm, the sole stockholder and officer of which is Joseph I. Sussman.  Sussman Decl. ¶¶ 1-2.  The defendant neither has employees, engages in the practice of law, solicits business, transacts business, nor maintains an office in the District of Columbia.  Id. ¶¶ 8-9.

NLS retained the defendant in New York "to collect a debt owed by the Plaintiff to NLS arising out of an Equipment Finance Lease between NLS and Plaintiff's corporation, Capitol Hill Beauty, LLC."  Id. ¶ 11; see Compl. ¶ 11.  The plaintiff "individually, personally, and unconditionally guarant[eed] to [NLS] the prompt payment when due of all . . . obligations" under the lease agreement.  Compl., Ex. 3 (Non Cancelable Equipment Finance Lease Agreement) at 2.  At some point the plaintiff "refuse[d] to pay any such debt" on the ground that she "does not owe" anything to NLS.  Id. ¶ 11.  According to the defendant, the plaintiff defaulted on the agreement, and "in June 2012, [Sussman] filed an action in the Civil Court of the City of New York, New York County, on behalf of NLS, against La Tricia Hardy, the Plaintiff herein."  Sussman Decl. ¶ 12; see Compl. ¶¶ 12-14.  Because "Ms. Hardy failed to respond to the summons and complaint in that action, . . . the court entered a default judgment against her on October 26, 2012."  Sussman Decl. ¶ 13; see Def.'s Mem., Ex. 3 (Civil Judgment).

The plaintiff alleges that the defendant engaged in collection practices that not only were harassing and deceptive, see Compl. ¶¶ 11-15, but also were in violation of the Fair Debt Collection Practices Act ("FDCPA"), see 15 U.S.C. § 1692, and the D.C. Consumer Protections

Act ("Consumer Act"), *see* D.C Code §§ 28-3801to -3819. *See generally* Compl. ¶¶ 16-30 (Counts I-VIII). She demands a declaratory judgment and monetary damages. *See id.* at 6 (page number designated by ECF).

Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the Clerk of Court issued a summons and the United States Marshals Service attempted service of the summons and complaint on the plaintiff's behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). The summons and complaint were sent by certified mail to Joseph I. Sussman P.C., and were delivered on January 18, 2013. *See* ECF No. 4 (Notice and Acknowledgement of Receipt of Summons and Complaint by Mail). According to Mr. Sussman, he did not sign the mail receipt. Sussman Decl. ¶ 5. Had the defendant been properly served on January 18, 2013, its answer would have been due on February 8, 2013.

On February 12, 2013, the plaintiff filed a Motion for Entry of Default [ECF No. 5]. The Clerk of Court entered a default [ECF No. 6] on February 13, 2013. The plaintiff filed a Motion for Entry of Default Judgment [ECF No. 7] on March 1, 2013. The defendant filed its motion to set aside entry of default and to dismiss the complaint [ECF No. 9] on March 6, 2013.

## II. DISCUSSION

### A. *The Defendant's Motion to Dismiss*

#### 1. Service of Process

The defendant moves to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.[1] Def.'s Mem. at 5. "Here the only officer or

---

[1] The defendant also moves to dismiss under Rule 12(b)(4) for insufficient process. *See* Def.'s Mem. at 5. "[A] Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Prunte v. Universal Music Group,* 248 F.R.D. 335, 336 n.3 (D.D.C. 2008) (citation omitted). The defendant does not challenge the content of

agent registered to receive service on [the defendant] is Joseph I. Sussman," *id.* at 6, and Sussman neither signed the mail receipt, authorized another person to receive service of process on the defendant's behalf, nor completed the Notice and Acknowledgement of Receipt of Summons.  Sussman Decl. ¶¶ 4-6.  The plaintiff responds that "[i]t is not the responsibility of the persons delivering the Summons to the [d]efendant to determine if the person signing for the mail is the appropriate person, seeing as how no individual's name was on any documents." Pl.'s Resp. to Def.'s Mot. to Dismiss at 3 ("Pl.'s Resp.") (page numbers designated by ECF). As long as the summons was issued and mailed to the correct entity at the correct address, she considers it "an internal matter for Mr. Sussman to clarify who . . . is to sign for Certified Mail." *Id.*

Service of process may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e), (h)(1)(A).  In the District of Columbia, service of process may be effected by "mail addressed to the person to be served and requiring a signed receipt."  D.C. Code § 13-431; *see* D.C. SCR-Civil R. 4(c)(3), (h)(1).  If the defendant is a corporation or partnership, a copy of the summons and complaint must be delivered to an officer or agent authorized to receive service of process on the entity's behalf.  Fed. R. Civ. P. 4(h)(1)(B); D.C. SCR-Civil R. 4(h)(1).

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff has the burden of establishing the validity of service of process; . . . the procedure employed [must] satisf[y] the requirements of the relevant portions of Rule 4 and any other applicable provision of law.'"

---

the summons, however, and the Court does not consider its motion to dismiss under Rule 12(b)(4).  Where the defendant challenges the lack or mode of delivery, its motion is one under Rule 12(b)(5).  *See Olson v. Fed. Election Comm'n*, 256 F.R.D. 8, 10 n.3 (D.D.C. 2009) (citation omitted).

4

*Freedom Watch, Inc. v. OPEC*, 288 F.R.D. 230, 231 (D.D.C. 2013) (quoting *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). Service by certified mail may be insufficient if the summons and complaint are not addressed to a specific and proper party and if there is no confirmation of receipt by a person authorized to accept service. *See Angelich v. MedTrust, LLC*, 910 F. Supp. 2d 128, 132 (D.D.C. 2012); *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 88-89 (D.D.C. 2004).

Joseph Sussman – the sole officer and agent authorized to receive service on the defendant's behalf – avers that he neither received the summons and complaint by mail nor signed the return receipt. Under these circumstances, the defendant demonstrates that it has not been properly served. *See Brown v. Cape Envtl. Management Cape, Inc.*, No. 3:12-cv-01048, 2013 WL 1412686, at *1 (M.D. Tenn. Apr. 8, 2013) (Magistrate Report and Recommendation) (concluding that defendant had not been properly served where administrative assistant without authority to accept service on defendant's behalf signed for documents delivered by certified mail). If a defendant has not been properly served, the Court "ordinarily would be powerless to proceed with the case" as against that defendant. *Williams v. GEICO Corp.,* 792 F. Supp. 2d 58, 66 (D.D.C. 2011) (citation omitted); *see Johnson v. Williams*, No. 05-2315, 2006 WL 2788985, at *2 (D.D.C. Sept. 26, 2006) ("Deference to plaintiff's *pro se* status . . . cannot justify the exercise of jurisdiction over defendants who have not been served properly.").

Here, because the plaintiff is proceeding *pro se* and *in forma pauperis*, the Court will not penalize her for having relied on the Clerk of Court and the United States Marshals Service to effect service of process on her behalf. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize *in forma pauperis* plaintiff for U.S. Marshals Service's delay in effecting service of process); *Carroll v. Fentress Cnty. Sheriff's Dep't*, No. 2:11-0019, 2012 WL

140417, at *2 (M.D. Tenn. Jan. 18, 2012) (Magistrate Report and Recommendation to deny motion to dismiss for insufficient service of process where, after prisoner plaintiffs adequately identified the defendants to be served, "responsibility for service of process rest[ed] with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible."), *adopted*, 2012 WL 847775 (M.D. Tenn. Mar. 12, 2012). The Court will deny the defendant's motion to dismiss the complaint for insufficient service of process. Even if the service deficiencies were cured, however, as the Court discusses below, there are independent bases on which to dismiss this complaint.

### 2. Personal Jurisdiction

The defendant argues that the complaint must be dismissed because the Court lacks personal jurisdiction over it. *See generally* Def.'s Mem. at 6-8. The plaintiff bears the "burden of establishing personal jurisdiction over each defendant." *Thompson Hine LLP v. Smoking Everywhere, Inc.,* 840 F. Supp. 2d 138, 141 (D.D.C. 2012) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 455-56 (D.C. Cir. 1990)). She cannot rely on bare allegations or conclusory statements, but "must allege specific acts connecting [the] defendant with the forum." *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotation omitted). The plaintiff's *pro se* status does not relieve her of her obligation to "plead an adequate jurisdictional basis for [her] claims." *Donnelly v. Sebelius*, 851 F. Supp. 2d 109, 116 (D.D.C. 2012) (internal quotation omitted). Here, the plaintiff fails to meet her burden.

The Court determines whether personal jurisdiction may be exercised "by reference to District of Columbia law." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). "A District of Columbia court may exercise personal jurisdiction over a person domiciled in . . . or

maintaining . . . its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Nowhere in the complaint does the plaintiff allege that the defendant either is domiciled in or maintains its principal place of business in the District of Columbia.

In order to determine whether a non-resident defendant is subject to specific personal jurisdiction in the District of Columbia, the Court engages in a two-part inquiry.[2] First, the Court considers whether there is a basis for the exercise of personal jurisdiction under the District's long-arm statute. *See* D.C. Code § 13-423. Next, the Court considers whether the exercise of personal jurisdiction meets the requirements of due process. *See GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (internal citations omitted). To this end, the plaintiff may show that the defendant has "minimum contacts" with the forum, such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These minimum contacts must arise from "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 109 (1988) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). In other words, "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

---

[2] Specific personal jurisdiction, as opposed to general personal jurisdiction, is applied to actions or wrongs that are isolated but related to the connections between a defendant and the forum. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945).

7

The long-arm statute allows a court in the District of Columbia to exercise personal jurisdiction over a non-resident defendant with regard to a claim arising from the defendant's conduct in:

    (1)    transacting business in the District of Columbia;

    (2)    contracting to supply services in the District of Columbia;

    (3)    causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

    (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a).[3]

The defendant is a New York law firm retained by NLS for the purpose of collecting a debt owed by the plaintiff pursuant to the equipment finance lease. The defendant's interaction with the plaintiff arises solely from the lawsuit it filed on NLS's behalf in the Civil Court of the City of New York, New York County, pursuant to a forum selection clause in the lease agreement. The defendant asserts, and the plaintiff does not dispute, that the law firm's practice is in New York and that it neither conducts business in the District of Columbia, nor "engage[s] in persistent conduct aimed at deriving revenue from goods or services in the District of Columbia." Def.'s Mem. at 7. Nor does the plaintiff show that the defendant acted in such a way as to cause tortious injury in the District of Columbia, whether those actions took place within our outside of the District. As the defendant notes, the plaintiff "has failed to allege any

---

[3]    The alternative bases set forth under the long-arm statute are inapplicable.

specific facts that connect [it or its] actions with the forum." *Id.* at 8. Her assertion that the Court may exercise personal jurisdiction under the long-arm statute simply because the defendant "has knowledge of the suit and is given the chance to defend," Pl.'s Resp. at 3, is flatly wrong.

The plaintiff does not show that the District's long-arm statute applies or that the non-resident defendant has minimum contacts with the District of Columbia. The defendant's motion to dismiss for lack of personal jurisdiction will be granted.

### 3. Application of the FDCPA and the Consumer Act

The defendant moves to dismiss the plaintiff's claims under the FDCPA on the ground that "the obligation at issue . . . is not a 'debt' for purposes of the Act," and, therefore, argues that the FDCPA does not apply. Def.'s Mem. at 9–10. Likewise, the defendant argues for dismissal of the Consumer Act claim because "the underlying obligation in this matter is a Commercial lease in which the Plaintiff acted as guarantor, not a consumer lease" to which the Consumer Act applies. *Id.* at 10.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, it must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (internal quotation omitted). Although a complaint filed by a pro se plaintiff is "to be liberally construed," *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (internal citation omitted), it, too, must set forth factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices" and "authorizes any aggrieved person to recover damages from any debt collector who fails to comply with any provision of the FDCPA." *Marx v. General Revenue Corp.*, __ U.S. __, __, 133 S. Ct. 1166, 1171 n.3 (2013) (internal quotation marks and citations omitted). It concerns debt collection practices for "consumer debt[s]," and thus applies to debts that are primarily for "personal, family, or household purposes." 15 U.S.C. § 1692a(5). Excluded from its coverage is activity that "concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." 15 U.S.C. § 1692a(6)(F)(iv). Similarly, "the [Consumer Act] was designed to police trade practices arising only out of consumer-merchant relationships . . . ." *Ford v. ChartOne, Inc.*, 908 A.2d 72, 81 (D.C. 2006) (internal quotation marks and citations omitted). It is limited to addressing "conduct and practices in connection with collection of obligations arising from consumer credit sales, consumer leases, and direct installment loans." D.C. Code § 28-3814; *see id.* § 28-3802 (defining "consumer credit sale" as the "sale of goods or services in which . . . (C) the goods or services are purchased primarily for a personal, family, household, or agricultural purpose . . . ."). The Consumer Act "does not protect merchants in their commercial dealings with suppliers or other merchants." *Ford*, 908 A.2d at 83 (citation omitted).

This case arises from the defendant's efforts to collect a payment on business equipment pursuant to a lease agreement with NLS, an entity the plaintiff describes as "an office equipment leasing company." Compl. ¶ 11. Notwithstanding the plaintiff's assertion that "[t]his matter is only concerned with consumer leases," *id.* ¶ 18, and her reliance on statutes which apply to

consumer debts, *see generally id.* ¶¶ 16-30, the complaint fails to allege that the underlying debt transaction was a consumer debt primarily for personal, family, or household purposes. "[T]he burden rests on [her], at this stage, to allege facts sufficient to support [her] claim[s]" under the FDCPA and Consumer Act, *Winstead v. EMC Mortgage Corp.*, 697 F. Supp. 2d 1, 4 (D.D.C. 2010) (citations omitted), and her failure to meet her burden leads the Court to dismiss both claims.[4]

### 4. Fees and Costs

The defendant "move[s] the Court to award . . . costs and attorney's fees," Def.'s Mem. at 13, under the FDCPA provision which authorizes an award of attorney's fees "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment . . . ." 15 U.S.C. §1692k(a)(3). According to the defendant, the plaintiff filed this action "in retaliation of the proper New York claim," Def.'s Mem. at 12, and thus is acting in "bad faith . . . or for the purpose[] of harassing" the defendant. *Id.* at 13.

The plaintiff not only has consumed the limited resources of this Court but also has forced the defendant to incur the expense of responding to her complaint. But where "the plaintiff is a *pro se* litigant . . . , courts should afford greater leniency and rarely award attorney's fees." *Scott-Blanton v. Universal City Studio Prods. LLLP*, 593 F. Supp. 2d 171, 175 (D.D.C.

---

[4] The defendant further argues that it is not liable in its capacity as agent for NLS. *See* Def.'s Mem. at 11. Under District of Columbia law, "an agent is not personally liable on a contract it executes on behalf of a principal so long as it identifies the principal and discloses the agency relationship." *Paul v. Judicial Watch, Inc.* 543 F. Supp. 2d 1, 5 (D.D.C. 2008) (citing *Rittenberg v. Donohoe Constr. Co.*, 426 A.2d 338, 341 (D.C. 1981)). "Nor does liability attach to an agent of a disclosed principal for his act within the scope of the agency unless he binds himself by definite word or stipulation." *Id.* Both parties acknowledge that the defendant acted on behalf of NLS to collect a debt owed by the plaintiff. Even if the plaintiff had sufficiently stated a claim under either the FDCPA or the Consumer Act, the defendant would not be liable for actions taken on behalf of NLS.

2009) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)).  Generally, "[a]n unrepresented litigant should not be punished for [her] failure to recognize subtle factual or legal deficiencies in [her] claims." *Hughes*, 449 U.S. at 15.  On this record, the Court has no basis from which to conclude that the plaintiff's actions were taken in bad faith.  It is far more likely that the plaintiff merely misunderstands the law, and her lack of legal training does not warrant an award of fees and costs.

### B. The Clerk's Entry of Default and the Plaintiff's Motion for Default Judgment

The Clerk must file an entry of default once it is shown that a defendant "has failed to plead or otherwise defend." *See* Fed. R. Civ. P. 55(a).  "The [C]ourt may set aside an entry of default for good cause . . . ." Fed. R. Civ P. 55(c).  In evaluating whether to set aside an entry of default, the Court considers "'whether (1) the default was willful, (2) a set-aside would prejudice [P]laintiff, and (3) the alleged defense was meritorious.'" *Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980)).  On defendant's motion "for relief from the entry of a default or a default judgment, all doubts are resolved in [its] favor . . . ." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).

The defendant asserts that its "default was not willful," Def.'s Mem. at 4, that setting aside the default would not prejudice the plaintiff "as there have been no proceedings in the Court which would need to be repeated or disturbed," *id.* at 3, and that it asserts meritorious defenses. *Id.* at 4.  The Court concurs.  The defendant's motion to set aside the default will be granted and plaintiff's motion for default judgment will be denied.

### III.  CONCLUSION

The Court concludes that it lacks personal jurisdiction over the defendant and that the complaint fails to state claims under the Fair Debt Collection Practices Act and the D.C. Consumer Protections Act upon which relief can be granted, and that an award of attorney's fees and costs is not warranted. Accordingly, the defendant's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: July 11, 2013